United States District Court
Southern District of Texas
**ENTERED**
August 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFF ALLAN RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-06236 |
| | § | |
| TODD BLANCHE, U.S. ATTORNEY | § | |
| GENERAL, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

The petitioner, Jeff Allan Rodriguez, is currently confined in the Waller County Jail as a pre-trial detainee with an immigration detainer. Rodriguez filed this habeas action under 28 U.S.C. § 2241 to challenge his immigration detainer. He states that he is a citizen of Peru with no lawful status in the United States.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1 / 2

Rodriguez explains that if he posts bond in Waller County, he would then be detained in immigration custody, and, therefore, he is "in custody" of the federal Respondents based on his detainer. However, the Fifth Circuit has held that "prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because [immigration officials] ha[ve] lodged a detainer against them." *Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 541 (5th Cir. 2003) ("For a court to have habeas jurisdiction under section 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge."); *see also Alvarado v. Holder*, 394 F. App'x 70, 71 (5th Cir. 2010) (per curiam) (holding that because the petitioner was not "in custody" based on an immigration detainer, the district court lacked jurisdiction under § 2241 to hear his claim). Because Rodriguez is not "in custody" of the federal Respondents based on his immigration detainer, the Court lacks jurisdiction over this claim. Therefore, this case must be dismissed without prejudice. Based on the foregoing, the Court **ORDERS** as follows:

1. This petition is **DISMISSED without prejudice** for lack of jurisdiction.

2. All other pending motions, if any, are **DENIED as MOOT**.

3. No certificate of appealability shall issue from this Order.

SIGNED this _____ day of August 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

2 / 2